# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

# SOUTHERN DIVISION

| | |
|---|---|
| JUST ENTERPRISES, INC., | ) |
| , | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. _____ |
| | ) |
| (888) JUSTICE INC., | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |

# COMPLAINT

### Nature of the Action

This is an action under the Lanham Act, 15 U.S.C. §1051 et seq., for service mark infringement and unfair competition.

### Parties

1.  Plaintiff, JUST ENTERPRISES, INC., ("Just Enterprises") is a Missouri Corporation having its principal place of business in Joplin, Jasper County, Missouri.

2. Defendant, (888) JUSTICE INC., is a New York Corporation, having a place of business at 225 Broadway, Suite 2700, New York, New York 10007.

### Jurisdiction and Venue

3.  Subject matter jurisdiction of this Court is evoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

4.  The Court has personal jurisdiction over the defendant because: (a) the defendant maintains a website at www.212justice.com that actively and continuously solicits commercial interaction with Missouri residents, and that actively displays, disseminates, and promotes the

infringing (888) JUSTICE mark in Missouri; (b) the defendant maintains a website at www.888justice.com that actively and continuously solicits commercial interaction with Missouri residents, that actively displays, disseminates and promotes the infringing (888) JUSTICE mark, and that includes a link for "Our National Program" that shows how residents of Missouri and other states may participate in the (888) JUSTICE program; and (c) the defendant has purposefully availed itself of the opporunity to conduct commercial actifities in Missouri as is more specifically alleged in Counts I and II below.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the counties comprising the Western District of Missouri; and the damage to plaintiff described in Counts I and II below occurred and continues to occur in the Western District of Missouri.

## Background Allegations

6. On September 25, 1992, Just Enterprises applied for federal registration of 1-800-JUSTICE based on intent to use the mark in the future for legal referral services; and Just Enterprises used the mark in commerce on or before March 17, 2003. As a result, United States Service Mark Registration No. 2,742,137 was issued on July 29, 2003, as shown by Exhibit A attached hereto.

7. Because United States Service Mark Registration No. 2,742,137 was based on intent to use the mark in commerce, the application for which was filed on September 25, 1992, the constructive date of first use of the 1-800-JUSTICE mark by Just Enterprises is September 25, 1992.

8. The mark 1-800-JUSTICE is used extensively in connection with Just Enterprises' services in, among other things, advertisements and other promotional material distributed by Just Enterprises in print form, as well as on television, the radio and the Internet. As a result of such promotional and other activities, and the quality of services offered by Just Enterprises, the 1-800-JUSTICE mark has become well and favorably known in the Western District of Missouri and other areas, has become uniquely associated with and hence identifies Just Enterprises and its legal referral services, and has become a valuable asset of Just Enterprises and a symbol of its goodwill.

9. In a letter dated October 30, 2001 to Just Enterprises, a copy of which is attached hereto as Exhibit B, Jon L. Norinsberg, on behalf of and as President of defendant inquired about the possibility of acquiring the use of the 800 JUSTICE number in New York.

10. Thereafter, negotiations ensued between Jon L. Norinsberg and Just Enterprises for defendant to acquire the use of 1-800-JUSTICE, but no agreement was reached.

11. Notwithstanding defendant's knowledge of ownership of the 1-800-JUSTICE mark by Just Enterprises, the defendant initially and continuously has used the service marks (212) JUSTICE and (888) JUSTICE to promote both the defendant's identity and its services.

13. As part of its ongoing promotional, marketing and sales effort, defendant maintains interactive commercial websites at www.212justice.net and www.888justice.com.

14. Throughout its websites, in both graphics and text, defendant repeatedly displays the (888) JUSTICE mark; and defendant has also repeatedly used these marks in press releases, advertisements, and other public statements, as shown by Exhibit C attached hereto.

15. Defendant's website at www.888justice.com actively solicits sales for "Our National Program", which targets attorneys nationwide, including those in Missouri. As shown by Exhibit D attached hereto, clicking on the Our National Program link on the home page of www.888.justice.com brings up a web page entitled "(888) JUSTICE – About Our Program;" and from that web page, defendant has received inquiries regarding its services from residents of the Western District of Missouri.

16. The defendant's use of the marks (212) JUSTICE and (888) JUSTICE are likely to cause consumer confusion, mistake and deception.

17. The similarity between the (212) JUSTICE and (888) JUSTICE marks of defendant and the 1-800-JUSTICE mark of Just Enterprises is likely to lead consumers to mistakenly conclude that the services offered under the (212) JUSTICE and (888) JUSTICE marks are licensed or certified by, or otherwise sponsored or approved by Just Enterprises, or that defendant and its services offered under the (212) JUSTICE and (888) JUSTICE marks are somehow otherwise affiliated, connected, or associated with Just Enterprises. Consumers are

likely to be misled as to the true source, sponsorship, or affiliation of the (212) JUSTICE and (888) JUSTICE marks.

18. Through its use the (212) JUSTICE and (888) JUSTICE marks, defendant has intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

19. The ongoing promotion and dissemination of the (212) JUSTICE and (888) JUSTICE marks by the defendant is likely to lessen the capacity of the 1-800-JUSTICE mark to identify and distinguish services offered by Just Enterprises.

## Count I - Infringement

Plaintiff for Count I herein against defendant, states:

1. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 set forth above.

2. Use of the (212) JUSTICE and (888) JUSTICE marks by defendant to promote, market or sell services in direct competition with 1-800-JUSTICE constitutes service mark infringement pursuant to 15 U.S.C. §1114.

3. Defendant's infringement of the 1-800-JUSTICE registered mark is intentional and willful.

4. Defendant's infringement of the 1-800-JUSTICE registered mark has caused and will continue to cause damage to Just Enterprises, including irreparable harm for which there is no adequate remedy at law.

## Count II – Unfair Competition

Plaintiff for Count II herein against defendant, states:

1. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 on pages one through four above.

2. Use of the (212) JUSTICE and (888) JUSTICE marks by defendant to promote,

market or sell services in direct competition with 1-800-JUSTICE constitutes unfair competition pursuant to 15 U.S.C. §1125(a).

3. Defendant's unfair competition is intentional and willful.

4. Defendant's unfair competition has caused and will continue to cause damage to Just Enterprises, including irreparable harm for which there is no adequate remedy at law.

**Relief Requested**

Plaintiff asks that the Court declare and adjudge:

A. That plaintiff's rights in and to the 1-800-JUSTICE service mark are valid, enforceable and have been infringed by defendant, and that defendant's actions constitute unfair competition.

B. That defendant has willfully infringed plaintiff's rights by using the (212) JUSTICE and (888) JUSTICE designations.

C. That defendant, its agents, servants, employees, officers, attorneys, successors assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1) Using (212) JUSTICE or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any legal services or legal referral services;

(2) Using (888) JUSTICE or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any legal services or legal referral services; and

(3) Infringing the 1-800-JUSTICE service mark owned by plaintiff Just Enterprises.

D. An award of damages for plaintiff, including (but not limited to) defendant's profits and plaintiff's actual damages;

E. An award of treble damages for plaintiff as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

F. An award of attorney's fees and costs for plaintiff as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

G. That defendant be directed to file with this Court and serve on plaintiff within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which defendant has complied with the order or injunction.

H. Any other relief that the Court deems appropriate.

### Jury Demand

Plaintiff hereby demands a trial by jury of all issues in this case.

MILLINGTON GLASS & LOVE

By: *[signature]*
Harold F. Glass, MBN 19424
1736 East Sunshine, Suite 405
Springfield, MO 65804
Phone: (417) 883-6566
Fax: (417) 883-6689
ATTORNEYS FOR PLAINTIFF

# Verification

STATE OF MISSOURI )
                 Newton )
COUNTY OF ~~JASPER~~ )

Ali F. Tafty, being first duly sworn under oath, states that he is President of Just Enterprises, Inc; that as such he has authority to and does make this Verification on its behalf; and that the facts stated in the foregoing Complaint are true and correct to the best of his knowledge and belief.

_____
Ali F. Tafty

SUBSCRIBED AND SWORN TO before me this 11 day of March, 2006.

_____
Notary Public

DeANNA SIMON
Notary Public - Notary Seal
State of Missouri
County of Newton
My Commission Exp. 07/23/2006