IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUST ENTERPRISES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-5023-CV-SW |
| | ) |
| (888) JUSTICE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION IN LIMINE WITH SUPPORTING SUGGESTIONS

COME NOW Defendants and hereby move the Court in limine for its Order excluding the following from evidence at trial or discussion by counsel:

- Exhibit A to the Tina Dobrauc affidavit attached to *Plaintiff's Motion for Partial Summary Judgment as to Liability on All Counts of the Complaint* and suggestions in support (including any additional and similar exhibits that Plaintiff may offer into evidence), which exhibit consists of a 58-page chart purporting to compile information regarding phone calls from "confused consumers" (the "Phone Call Exhibit");[1]

- Deposition Exhibits 17 and 17A, which documents purport to represent lost-profit damages suffered by Plaintiff in this case;[2] and

- any discussion by counsel or testimony regarding money spent or advertising made by current or former licensees of Plaintiff, to promote Plaintiff's service mark at issue.

The above-mentioned materials and subjects should be excluded from evidence or discussion by Plaintiff's counsel because, as further explained below, they are based on speculation or hearsay, admittedly contain errors, or related information has not been timely produced.

---

[1] Attached hereto as **Exhibit A**.

[2] Deposition Exhibits 17 and 17A are attached hereto as **Exhibits B** and **C**, respectively.

WA 1179878.2

**ARGUMENT**

**I.  THE PHONE CALL EXHIBIT AND ANY ADDITIONAL SUCH COMPILATIONS ARE INADMISSIBLE HEARSAY AND SHOULD BE EXCLUDED**

The Court should exclude the Phone Call Exhibit, and any similar exhibits that Plaintiff may attempt to introduce, because the Phone Call Exhibit is based on inadmissible hearsay.  The Phone Call Exhibit purports to document phone calls made to Plaintiff by consumers who are "confused" between 1-800-JUSTICE and other alphanumeric marks containing the term "Justice".  The Eighth Circuit and other courts have recognized, however, that such alleged evidence of phone calls is unreliable and violative of the hearsay rule.  *See Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996) (noting that "vague evidence of misdirected phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-examination of the caller or sender regarding the reason for the "confusion""); *Instant Media, Inc. v. Microsoft Corp.*, No. C 07-02639 SBA, 2007 WL 2318948, at *14 (N.D. Cal. Aug. 13, 2007) ("A summary of purported telephone calls and written inquiries constitutes inadmissible hearsay."); *see also Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 193 (8th Cir. 1982) (affirming district court's rejection of such hearsay evidence).  Accordingly, this Court should exclude the Phone Call Exhibit and any similar exhibits that Plaintiff may attempt to introduce.

**II.  PLAINTIFF'S DAMAGES CHARTS, DEPOSITION EXHIBITS 17 AND 17A, ARE RIDDLED WITH SPECULATION AND ERRONEOUS CALCULATIONS**

The Court should also exclude Deposition Exhibits 17 and 17A pursuant to Fed. R. Evid. 403, 701, and 702.  Rule 403 provides that relevant evidence may nevertheless "be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues . . . or misleading the jury . . . ."  Rule 701 provides that lay-witness opinion testimony must not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702", and Rule 702

provides that opinion testimony based on such knowledge may only be given by "a witness qualified as an expert . . . ." District courts have wide discretion in deciding which evidence to admit and which to exclude under the Federal Rules. *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S. Ct. 1140, 1145 (2008). Although Rule 701 allows a business owner to provide lay-witness opinion testimony based on industry experience, such a witness may not testify regarding lost profits where the testimony "amounts to speculation and conjecture". *US Salt, Inc. v. Broken Arrow, Inc.*, Nos. 08-2423, 08-2465, 2009 WL 1035144, at *2–3 (8th Cir. Apr. 20, 2009); *see also Vitek Sys., Inc. v. Abbott Labs.*, 520 F. Supp. 629, 632–33 (E.D. Mo. 1981), *aff'd*, 675 F.2d 190 (8th Cir. 1982) (affirming district court's rejection of proffered testimony because "there is no credible evidence that [plaintiff] or its assignor lost any sale by reason of any customer confusion.").

Here, the Court should exercise its discretion to keep out Deposition Exhibits 17 and 17A. These exhibits are based on speculation and conjecture in violation of Rule 701 and will undoubtedly confuse the issues and mislead the jury in violation of Rule 403.

First, Tina Dobrauc, who prepared Deposition Exhibit 17, testified that the exhibit is incomplete. (*See* Dobrauc Dep. 321:25–325:33, Dec. 19, 2007, **Exhibit D**.) Deposition Exhibit 17 should be excluded on that basis alone.

Deposition Exhibit 17A, though a more complete version showing alleged damages amounts, (*see* Tafty Dep. 20:12–21:12, 53:14–17, Dec. 21, 2007, **Exhibit E**), asserts damages that are almost entirely based on speculation. Deposition Exhibit 17A's $789,700 total alleged damages figure—a figure that is admittedly incorrect, as discussed below—is the sum of eighteen individual damages figures associated with Defendant Norinsberg's alleged licenses to eighteen different law firms and covering certain localities. <u>All but one</u> of these eighteen individual damages figures, however, are based on Ms. Dobrauc's and Mr. Tafty's speculations as to what amounts Plaintiff <u>might have</u>

collected from the licensees had the licensees done business with Plaintiff instead of Defendant Norinsberg. That is, all but one of the individual damages figures are based on Plaintiff's monthly asking price for the respective locality, rather than based on any actual price that Plaintiff has previously received for a license in that locality. (*See* Tafty Dep. 32:18–34:1, 36:15–40:15, 44:15–52:17, Dec. 21, 2007.) This kind of speculation would only confuse the jury and require it to engage in similar speculation, and thus Deposition Exhibit 17A should be excluded. *See US Salt*, Nos. 08-2423, 08-2465, 2009 WL 1035144, at *3 (affirming district court's exclusion of business owner's lay-witness opinion testimony regarding lost profits because owner's proposed testimony amounted to speculation and conjecture); *see also Vitek Sys., Inc.*, 520 F. Supp. at 632–35 (E.D. Mo. 1981) (dismissing plaintiff's claims absent credible evidence that plaintiff lost any sales due to defendant's actions), *aff'd*, 675 F.2d 190 (8th Cir. 1982).

In addition to being speculative, Plaintiff's alleged damages figures on Deposition Exhibit 17A contain at least one significant mathematical error. Ali Tafty, who prepared Deposition Exhibit 17A with Ms. Dobrauc, admitted that it contains at least one error requiring the total alleged damages figure of $789,700 to be reduced by $33,600. (*See* Tafty Dep. 20:12–21:12, 25:1–27:9, 52:18–53:13, Dec. 21, 2007 (discussing error and admitting that Exhibit 17A's total alleged damages figure of $789,700 "probably need to be adjust [sic] considering [one of the individual calculations] came to be from [sic] 105 to 72, if I recall").)

Deposition Exhibit 17A should be excluded for the additional reason that its figures have not been discounted to present value—a technical and specialized calculation that neither Ms. Dobrauc nor Mr. Tafty, neither of which have been identified as expert witnesses, are even qualified to make. *See* Fed. R. Evid. 702; *Donlin v. Philips Lighting N. Am. Corp.*, Nos. 07-4060, 07-4081, 2009 WL

1081856, at *5–6 (3rd Cir. Apr. 23, 2009) (holding that lay witness's testimony involving discounts for present value "crossed the line into subject areas that demand expert testimony").

Although there are already ample reasons to exclude Exhibits 17 and 17A, an additional reason for exclusion is that Plaintiff seeks damages for states in which it has never had any licensees. For example, Plaintiff has admitted that it never had a licensee in Ohio, Pennsylvania, or Washington State. Yet, Plaintiff still maintains it is entitled to money damages in these states. But damages for what? Plaintiff has utterly failed to provide the Court with any evidence of lost sales as a result of Defendants' actions. *See Vitek Systems, Inc. v. Abbott Laboratories, Inc.*, 520 F. Supp. 629, 632-33 (E.D. Mo. 1981)("there is no credible evidence that [plaintiff] or its assignor lost any sale by reason of any customer confusion."). Moreover, Plaintiff has completely failed to provide the Court with any sufficient evidence of lost profits as a result of Defendants' actions. *See Manor Square, Inc. v. Heartthrob of Kansas City, Inc.*, 854 S.W.2d 38, 44 (Mo. Ct. App. 1993)("to obtain a damage award for lost profits at trial, [plaintiff] must produce evidence that provides an adequate basis for estimating lost profits with reasonable certainty. Proof of actual facts which present a basis for a rational estimate of damages without resorting to speculation is required.")(*citing Chmieleski v. City Prod. Corp.*, 660 S.W.2d 275, 298 (Mo. Ct. App. 1983). (emphasis supplied).

### III. BECAUSE PLAINTIFF HAS FAILED TO PRODUCE ANY WITNESSES OR DOCUMENTATION TO DEMONSTRATE THAT ITS LICENSEES MADE ADVERTISING EXPENDITURES PROMOTING PLAINTIFF'S MARK, AS OPPOSED TO THE LICENSEES' LAW FIRMS, PLAINTIFF SHOULD BE PROHIBITED FROM INTRODUCING ANY SUCH EVIDENCE AT TRIAL

The Court should bar any discussion by counsel or testimony regarding advertising or other expenditures allegedly spent or made by Plaintiff's current or former licensees when using 1-800-JUSTICE to promote their own law firms. Plaintiff's Rule 26 disclosures[3] identify a number of

---
[3] Attached hereto as **Exhibit F**.

Plaintiff's licensees, but violate Rule 26 by completely failing to list any topics on which those individuals might testify. In addition, although Plaintiff has provided some limited evidence regarding its own advertising or other expenditures, it has produced absolutely no documentation regarding advertising or other expenditures by its licensees. Permitting this testimony would thus amount to nothing more than trial by ambush. This case has been on file since 2006. Since that time, Plaintiff has identified no witnesses to testify regarding advertising or other expenditures by its licensees, and has produced no documentation regarding advertising or other expenditures by its licensees. Trial is now only a month away. Any attempt by Plaintiff to identify such witnesses or expenditures now, on the eve of trial, would be untimely and would unduly prejudice Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that: (1) the Phone Call Exhibit and any additional and similar exhibits; (2) Deposition Exhibits 17 and 17A; and (3) discussions or testimony concerning money or advertising allegedly spent or made by Plaintiff's current or former licensees when using 1-800-JUSTICE to promote their own law firms; including any discussion or testimony concerning the aforementioned materials and subjects, be excluded from evidence or use at the trial of this case.

SPENCER FANE BRITT & BROWNE LLP

/s Douglas M. Weems
Gardiner B. Davis, #29127
Douglas M. Weems, #41165
Aaron B. Oleen, #60130
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 (facsimile)
gdavis@spencerfane.com
dweems@spencerfane.com
aoleen@spencerfane.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that, on May 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.


/s Douglas M. Weems
Attorney for Defendants

7                                                                        WA 1179878.2

Case 3:06-cv-05023-JCE   Document 158   Filed 05/11/09   Page 7 of 7