IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUST ENTERPRISES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No: 06-5023-CV-S-JCE |
| (888) JUSTICE, INC., et al., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO EXCLUDE FRANKIE LAREAU AS A WITNESS WITH SUPPORTING SUGGESTIONS

Defendants hereby move the Court to exclude Frankie Lareau as a witness for plaintiff in this case. In support of their motion, defendants state as follows:

On May 20, 2009, plaintiff filed its Witness List designating its former employee, Frankie Lareau, as an individual who would be called as a witness at the trial of this case. This is the first notice plaintiff has given defendants that it intends to use Ms. Lareau as witness in this case. Pursuant to Rule 26(a)(1)(A)(i), a party must file initial disclosures, providing the name of each witness who may have discoverable information in the case, "along with the subjects of that information." Plaintiff did not disclose Ms. Lareau in its Rule 26 disclosures (attached as Exhibit A hereto) nor has it ever listed the subjects on which Ms. Lareau might testify. Further, pursuant to Rule 26(a)(3), Plaintiff must provide the name, address, and phone number of each witness if not previously provided. Plaintiff did not provide this information on its Witness List or on its Initial Disclosures. Therefore, not only has Ms. Lareau not been identified as a potential witness at any time during the discovery of this case, she also has not been properly designated on plaintiff's Witness List.

WA 1185146.1

Plaintiff may argue that Ms. Lareau's name was mentioned during Ms. Dobrauc's deposition. During her deposition, Ms. Dobrauc testified that Ms. Lareau was the Customer Service Representative who handled incoming referrals for Just Enterprises, Inc. (See Dobrauc Depo. at 24:13-21, attached hereto as Exhibit B). This deposition was taken on December 19, 2007, less than two weeks before discovery closed on December 31, 2007. A passing reference in a deposition taken shortly before the close of discovery is hardly the type of notice defendants are entitled to under the Federal Rules of Civil Procedure. Because defendants were unaware of plaintiff's intent to use Ms. Lareau as a witness at any point during the discovery period, defendants had no opportunity to depose Ms. Lareau to ascertain the extent of her knowledge or the relevance of her testimony as it relates to the issues in this case. Because plaintiff has not provided the contact information for this former employee, defendants cannot easily contact her informally.

Furthermore, discovery in this case closed on December 31, 2007. Plaintiff had ample opportunity to list Ms. Lareau as a witness, but chose not to do so until immediately prior to trial. Because Ms. Lareau was an employee of plaintiff, plaintiff was obviously aware of the potential of using Ms. Lareau as a witness in this matter. Even so, plaintiff elected not to list her. Therefore, plaintiff cannot claim it was previously unaware of Ms. Lareau's potential usefulness as a witness in this matter.

In addition, defendants understand that plaintiff intends to utilize Ms. Lareau as a witness to testify about the substance of her conversations with individuals who called (800) Justice and the authenticity of various call reports. Defendants have previously filed a Motion in Limine with respect to these call reports (docket #158), and incorporate their arguments from their motion and their reply suggestions here.

WHEREFORE, for the reasons stated above, defendants respectfully requests that this Court exclude Frankie Lareau as a witness at the trial of this matter.

SPENCER FANE BRITT & BROWNE LLP

By: /s Douglas M. Weems
    Douglas M. Weems, #41165
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    dweems@spencerfane.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Jeffrey H. Kass
Jeffrey B. Hunt
Gary R. Long
Gallop, Johnson & Neuman, L.C.
101 S. Hanley, Suite 1700
Clayton, MO 63105
*Attorneys for Plaintiff*

/s Douglas M. Weems
Attorney for Defendants