IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUST ENTERPRISES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No: 06-5023-CV-S-JCE |
| (888) JUSTICE, INC., et al., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO EXCLUDE CERTAIN OF PLAINTIFF'S EXHIBITS WITH SUPPORTING SUGGESTIONS

Defendants list the following objections to Plaintiff's exhibits.

There are two categories of Plaintiff's exhibits which should be excluded in advance of trial. First, all of Plaintiff's hearsay evidence regarding telephone calls from supposedly confused consumers should be excluded. Second, those documents not disclosed by Plaintiff during the course of discovery should also be excluded.

First, Plaintiff has listed multiple documents dealing with telephone calls from supposedly confused consumers. Defendants have already filed a Motion in Limine with respect to this type of document (docket #158) and incorporate the arguments set forth in that motion and their reply suggestions here. The exhibits at issue are Exhibits 10 through 15, Confusion Summaries, Exhibits 20 through 25, various Phone Logs, Exhibits 73 and 74, Ohio Call Samples CD and summary, Exhibits 75 and 76, Audio Clips of Misdirected Phone Calls, Exhibit 94, Completed Calls Reports, and Exhibit 95, Confusion Reports.

Second, many of the exhibits listed on Plaintiff's Exhibit List do not appear to have been disclosed during the course of discovery in this case. These exhibits include Exhibits 73 and 74,

WA 1185221.1

Ohio Call Samples CD and summary, Exhibits 75 and 76, Audio Clips of Misdirected Phone Calls, Exhibit 111, DVD of (888) Justice booth, and Exhibit 152, US (212) Justice DVD Commercials.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiff was required to disclose voluntarily all documents, electronically stored information, and tangible things which it may use to support its claims. As Plaintiff is apparently going to attempt to introduce these exhibits into evidence, Plaintiff apparently believes that these exhibits support its claims. These items should have been produced during discovery. They were not. Accordingly, they should not be admitted into evidence.

For the foregoing reasons, Defendants request that this Motion be granted.

SPENCER FANE BRITT & BROWNE LLP


By: /s Douglas M. Weems
    Douglas M. Weems,     #41165
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    dweems@spencerfane.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Jeffrey H. Kass
Jeffrey B. Hunt
Gary R. Long
Gallop, Johnson & Neuman, L.C.
101 S. Hanley, Suite 1700
Clayton, MO 63105
*Attorneys for Plaintiff*

/s Douglas M. Weems
Attorney for Defendants