**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JUST ENTERPRISES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 06-5023-CV-S-JCE |
| (888) JUSTICE, INC., et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXHIBIT 157
(ATTORNEYS' FEES INVOICES) WITH SUPPORTING SUGGESTIONS**

Plaintiff's Exhibit 157, which consists of voluminous invoices regarding the attorneys' fees that Plaintiff has allegedly incurred throughout the course of this or other supposedly related litigation, and any related testimony or comments of counsel, should be excluded from evidence at trial. Allowing such evidence to be proffered at trial would be premature and in violation of Federal Rule of Civil Procedure 54(d)(2). Further, most of the information contained in Plaintiff's Exhibit 157 was not timely provided to Defendants pursuant to Federal Rule of Civil Procedure 26, and thus allowing Plaintiff to proffer its Exhibit 157 into evidence at trial would be unduly prejudicial to Defendants.

Plaintiff's proffer of Exhibit 157 at trial would be premature. The Lanham Act provides that the Court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Rule 54(d)(2), however, provides that a "claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). Further, the motion must "be filed no later than 14 days after the entry of judgment" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(i), (ii). Therefore, unless the

WA 1190748.1

Lanham Act "requires the [attorneys' fees] to be proved at trial as an element of damages," Plaintiff's Exhibit 157 would only be properly offered as evidence of attorneys' fees via Plaintiff's Rule 54(d)(2) motion and only after the jury has returned a verdict against a defendant in this case.

Although no Eighth Circuit opinion has directly addressed the issue, federal case law suggests that the Lanham Act does <u>not</u> require that attorneys' fees be proved at trial as an element of damages in a trademark infringement action, and thus Plaintiff's attempt to offer Exhibit 157 into evidence and avoid complying with Rule 54(d)(2) is improper. In *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, a patent infringement case, the plaintiff appealed the district court's summary-judgment award of attorneys' fees to the defendant. 430 F.3d 1377, 1378 (Fed. Cir. 2005). In a patent infringement case, just as with a trademark infringement case, the statutory law provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; 15 U.S.C. § 1117(a). The district court had awarded such fees even though the defendant's motion for the fees was not timely under Rule 54(d)(2). *Id.* at 1385–85. The plaintiff "dispute[d] the district court's holding that section 285 itself grants authority to a district court to award attorney fees thereunder, even where Rule 54 is not satisfied", *id.* at 1385, and the Federal Circuit agreed. The Court held that "any claim to attorney fees must be processed in compliance with Rule 54(d)(2)(B). No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B)." *Id.* at 1386.

The holding of *IPXL* is analogous to the instant matter. Although this case is one for trademark, rather than patent, infringement, the statutory language authorizing attorneys' fees in trademark infringement cases is <u>identical</u> to that authorizing attorneys' fees in patent infringement cases. *Compare* 35 U.S.C. § 285 *with* 15 U.S.C. § 1117(a). Thus, the same principles that led to the *IPXL* Court's holding should apply here—no provision in § 1117(a) of the Lanham Act exempts

requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B), and thus the exception in Rule 54(d)(2)(A) does not apply such that Plaintiff may offer Exhibit 157 at trial rather than after a favorable jury verdict and via a Rule 54(d)(2) motion.

Apart from this analogous ruling in patent law, federal trademark infringement cases—including this Court's precedent—suggest that the proper way to perfect a claim to attorneys' fees under the Lanham Act is through compliance with Rule 54(d)(2)(B), that is, to present evidence of attorneys' fees only via a motion after a favorable award. *See Cash v. Brooks*, No. 1:95-CV-41, 1996 WL 684447, at *16 (E.D. Tenn. Apr. 24, 1996) (granting plaintiff attorneys' fees under the Lanham Act and then holding that "Plaintiff should comply with Fed. R. Civ. P. 54(d)(2), and, pursuant to Rule 54(d)(2)(C), Defendants will have twenty (20) days within which to respond to Plaintiffs' motion and estimated amount owed"); *Conopco, Inc. v. May Dept. Stores Co.*, 784 F. Supp. 648, 679, 685 (E.D. Mo. 1992) (ordering plaintiff to file a documented request for attorneys' fees, along with a brief citing argument and authority in support, within twenty days of the Court's order), *amended on other grounds by* 797 F. Supp. 740, *aff'd, rev'd, and vacated in part on other grounds*, 46 F.3d 1556 (Fed. Cir. 1994); *Hallmark Cards, Inc. v. Hallmark Dodge, Inc.*, 634 F. Supp. 990, 992 (W.D. Mo. 1986) (ordering plaintiff to file a verified request for attorneys' fees within twenty days of this Court's order awarding plaintiff attorneys' fees under the Lanham Act); *but see Audi AG v. D'Amato*, No. 04-CV-70665, 2007 WL 313537, at *2 (E.D. Mich. Jan. 30, 2007) (holding that plaintiffs' submission for attorneys' fees in trademark infringement action was not late under Rule 54(d)(2)(B) because "this was an action in which the substantive law provided for the recovery of costs and attorney fees").

As a practical matter, dealing with attorneys' fees after trial is the only sensible way to proceed. As an initial matter, Plaintiff may well lose at trial. There is no reason to deal with

attorneys' fees until the parties know the outcome of the trial. (Of course, if Plaintiff loses, Defendants may well seek to recover their attorneys' fees.) Second, if Plaintiff wins, presumably it will seek to recover its attorneys' fees through the trial. The invoices provided by Plaintiff go up to August 2008 and then stop. There is no reason to deal with attorneys' fees from July 2005 through August 2008 at trial and then deal with attorneys' fees from September 2008 through June 2009 later. Moreover, the Court, not the jury, is in the best position to evaluate the reasonableness of attorneys' fees. This will be a critical issue, as many of the invoices are from Derek Martin, plaintiff's disqualified expert witness, or other attorneys who have not appeared in this matter. Defendants also believe that many of the invoices have not been paid.

Finally, Plaintiff's Exhibit 157 should be excluded from trial because all of the information that it contains was not timely provided to Defendants pursuant to Rule 26. Under Federal Rule of Civil Procedure 26(e)(1)(A), Plaintiff must timely supplement its Rule 26(a) initial disclosures when subsequent information renders those initial disclosures incomplete. Although Plaintiff's Rule 26 initial disclosures of May 22, 2007, (**Exhibit A** hereto, at 4) list attorneys' fees allegedly incurred from July 2005 through April 2007, it was not until Plaintiff provided Defendants with an actual copy of Exhibit 157 on June 8, 2009, that Defendants learned of the additional attorneys' fees that Plaintiff alleges were incurred through August 27, 2008. Providing new attorneys' fees information nearly <u>one year</u> after the fees were allegedly incurred can hardly be called a "timely" supplementation under Rule 26(e)(1), and Defendants will be unduly prejudiced if they are required to address this new information at trial, after having possessed it for merely one week. Accordingly, Exhibit 157 should also be excluded because it contains information that was not timely provided.

For the foregoing reasons, Defendants request that this Motion be granted.

4                                                                                          WA 1190748.1

Case 3:06-cv-05023-JCE   Document 187   Filed 06/12/09   Page 4 of 5

SPENCER FANE BRITT & BROWNE LLP


By: /s Douglas M. Weems
    Douglas M. Weems,     #41165
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    dweems@spencerfane.com

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Jeffrey H. Kass
Jeffrey B. Hunt
Gary R. Long
Gallop, Johnson & Neuman, L.C.
101 S. Hanley, Suite 1700
Clayton, MO 63105
*Attorneys for Plaintiff*

    /s Douglas M. Weems
    Attorney for Defendants